JOHN E. RISLEY, Respondent, *v.* JAMES C. JEWETT, Appellant.

*Supreme Court, First Department, General Term, July 9, 1889.*

*Reference. Compulsory.*—A reference is properly ordered where, under the pleadings in the action, there is a long account of seventy-three items involved, with the probability of a separate and distinct contest over each item.

*James R. Torrance,* for appellant.

*John E. Risley,* respondent in person.

BARRETT, J.—This action is founded upon a written agreement, entered into on the 10th day of December, 1881,

whereby the defendant employed the plaintiff to act as attorney and counsel, with regard to a large number of claims known as " Alabama claims." Under this agreement, the plaintiff was to receive for his compensation ten per cent. of the gross amount recovered from certain classes of claims. For recoveries from other classes, however, there was to be an equal division of the defendant's percentage— that is, of the percentage allowed to Mr. Jewett by the claimants—with the proviso that the plaintiff's share should not be less than ten per cent. The plaintiff sues for his share of the percentages received by the defendant in seventy-three cases.

He claims that these seventy-three cases belonged to those classes where there was to be an equal division of the defendant's percentage. The defendant insists that they belonged to the other classes, namely, those as to which the plaintiff was to receive but ten per cent. The plaintiff admits that he was paid this ten per cent. from time to time, as each recovery was effected; and he now demands one-half of the percentages actually received by the defendant from the claimants, less such ten per cent. It would seem from these facts that this is clearly a referable case. It requires the examination of a long account, made up of the dealings of these parties with each other, not of mere items of damage. As the defendant has chosen to interpose a form of denial which will require the plaintiff to prove every one of the seventy-three items, it must be conceded that the account is directly involved, and is the immediate object of the action. If the defendant had chosen to admit the recovery of the seventy-three sums specified in the schedule annexed to the complaint, and the percentages thereon which he received from the claimants, a reference might possibly have been avoided. Because the questions then would have been reduced to ascertaining, first, whether these recoveries came within the ten per cent. or within the equal division classes; and, second, what was the effect,

under all the circumstances, of the plaintiff's receipt in full given at the time of the payment of each ten per cent. There is no question here of the value of the services, as the case on that head rests upon the percentage agreement. Such authorities, therefore, as Martin *v.* Windsor Hotel Co. (10 Hun, 304), are inapplicable. The defendant's main contention, in opposition to the reference, is that by giving such receipts in full, the plaintiff has released the present claim, and, therefore, the account will not be involved until the receipts have been set aside. The answer to this plainly is, that the plaintiff must, before he rests, prove each item in the account. In Streat *v.* Rothschild (12 Abb. N. C. 383, which the defendant cites with confidence), the plaintiff had simply to prove the partnership agreement. The defendant, in that case, could then have interposed the release, and the plaintiff, in rebuttal, might have attacked it.

The trial of the real issue (namely, the efficacy of the release) did not involve the examination of an account at all. In fact, the account, whether long or short, would only be taken after it was decided that the plaintiff was entitled to an accounting. Here, the plaintiff cannot rest upon the production of the agreement of December 10, 1881. He must prove each item in the account, and, under these pleadings, the defendant may litigate each item, regardless of the receipts. And further, there is no general release in the case. The claim is that the defendant has seventy-three receipts, one for each ten per cent. paid, and that such receipts are expressed as in full. In other words, the defendant claims a special defense as to each of the seventy-three items. He may fail as to some, succeed as to others. The circumstances may justify the referee in treating some of the receipts as special releases with regard to certain of the recoveries. They may also justify him in treating other of such receipts as inconclusive upon the right to recover the one-half of the percentages claimed. It comes to this,

that under these pleadings there is a long account involved of seventy-three items, with the probability of a separate and distinct contest over each item. The order should, therefore, be affirmed, with ten dollars costs and disbursements of the appeal.

VAN BRUNT, Ch. J., and BRADY, J., concur.